UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 12-04-DCR-004 |
| | ) | |
| V. | ) | |
| | ) | |
| PEREZ J. MORALES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Perez Morales is an illegal alien and drug trafficker. On January 24, 2013, Morales was sentenced to a term of incarceration of 59 months. [Record No. 136] The sentence imposed was below his non-binding guideline range and reflected his cooperation with the government. Contrary to the terms of his written Plea Agreement, Morales attempted to have his judgment set aside under 18 U.S.C. § 2255. [Record No. 151] However, that attempt was unsuccessful. On April 24, 2014, the Court denied Morales's § 2255 motion, concluding that a Certificate of Appealability should not be issued on any issue. [Record No. 162]

On this date, Morales has filed a Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2). [Record No. 169] Morales's motion includes incorrect and nonsensical assertions such as the following:

> . . . at sentencing, the Court did not select a base offense level from the guideline ranged [sic] applicable to movant's offense of conviction to which Movant was charged an [sic] pleaded guilty, rather from a statute applicable to a more serious offense based solely upon the government zealous assertions of relevant conduct.

-1-

Thus, the sentencing Court ab initio by suing [sic] the incorrect guideline executed an unwarranted and unauthorized upward departure in the base offense.

[*Id.*, at p. 1]

Without addressing the substance of the above claim, the Court notes that 18 U.S.C. § 3582(c)(2) does not provide an opportunity to challenge an earlier guideline calculation. In other words, the statute does not provide the opportunity for a second collateral attack that cannot be made directly under 28 U.S.C. § 2255. A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual." *Townsend*, 98 F.3d at 513 (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)).

The Court will not recount the facts that supported the sentence originally imposed. Those facts are outlined in the defendant's written Plea Agreement [Record No. 132] as well as this Court's Memorandum Opinion and Order denying Morales's § 2255 motion [Record No. 162]. In the Memorandum Opinion, the Court not only discussed the facts relevant to Morales's conviction and sentence, but also addressed, *inter alia*, (i) the falsity of his claims that his attorney was requested to file a notice of appeal following entry of judgment; (ii) the claim that the Court should have applied the safety valve provision of the United States Sentencing Guidelines to reduce his guideline range; (iii) the claim that his attorney should have negotiated a more favorable plea agreement; (iv) the falsity of his argument that he did not receive a role reduction for his participation in the drug offense; (v) the claim that his attorney was ineffective

for failing to contest the quantity of drugs attributable to him; and (vi) his claim that a variance should have been granted under U.S.S.G. § 5K2.0 based on his status as a deportable alien.

During the sentencing hearing, Morales's guideline range was calculated as 63 to 78 months. However, based on the United States' motion filed pursuant to U.S.S.G. § 5K1.1, the Court reduced the sentence to 59 months. The Court determined that this was the minimum sentence it was willing to impose, based on the facts presented. However, notwithstanding the Court's earlier determination, the undersigned has the discretion to reduce Morales's sentence based on recent changes in the United States Sentencing Guidelines. But a reduction of Morales's sentence would not be appropriate. Based upon all of the relevant statutory considerations, the Court concluded that a sentence of 59 months imprisonment was necessary. The Court also concluded at the time Morales was sentenced that a lower term of incarceration was not appropriate. Those conclusions has not changed.

Likewise, a reduced sentence would not provide general or specific deterrence. Next, a reduced sentence would not provide proper punishment for Morales's criminal activity. While a reduced sentence would reduce the cost associated with incarceration, that fact is not specifically enumerated in 18 U.S.C. § 3553 as a relevant sentencing factor, and it does not overcome the more appropriate goals of sentencing outlined above. In summary, the recent modifications of the United States Sentencing Guidelines do not affect this Court's original determination that a 59 month sentence for Morales's federal crime is completely appropriate. Accordingly, it is hereby

**ORDERED** that Defendant Jose Morales's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) [Record No. 169] is **DENIED**.

This 14th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge